**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0454n.06

Nos. 11-5035/5115

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PHYLLIS VAUGHN, | ) | |
| | ) | **FILED**<br><br>*May 01, 2012*<br><br>LEONARD GREEN, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| J. BRADLEY GUARINO-SANDERS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE BAR PLAN MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Intervenor-Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, SUHRHEINRICH, and COOK, Circuit Judges.

**PER CURIAM.** Phyllis Vaughn appeals the district court's orders granting summary judgment in favor of The Bar Plan Mutual Insurance Company ("The Bar Plan") and dismissing her claims. For the reasons set forth below, we affirm.

This action arose out of Vaughn's failed investment in Florida real estate. Vaughn filed her complaint in state court against attorney J. Bradley Guarino-Sanders and others, asserting, in part, legal malpractice. The defendants removed the case to the district court based on diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441. Guarino-Sanders subsequently filed a voluntary petition for bankruptcy. The bankruptcy court granted Vaughn's request to lift the automatic stay, but only

to the extent of any applicable insurance coverage. Pursuant to Federal Rule of Civil Procedure 24, The Bar Plan, Guarino-Sanders's professional-liability insurer, filed a motion to intervene in this case to resolve the insurance-coverage issues, which the district court granted. Vaughn amended her complaint to name Guarino-Sanders as the sole defendant and to assert only claims for legal malpractice and punitive damages. Vaughn alleged that Guarino-Sanders solicited her membership in limited-liability companies as vehicles to buy Florida real estate, engaged in multiple and conflicting representations of individual members and the companies themselves, provided erroneous legal advice about the real-estate investments, and failed to make full and complete disclosures regarding the transactions.

The Bar Plan moved for summary judgment on the basis that its professional liability insurance policy did not provide coverage for Vaughn's claims against Guarino-Sanders. The district court concluded that the policy's "equity interest" exclusion barred coverage because Guarino-Sanders had an equity interest in the properties about which he was advising. The district court granted the Bar Plan's summary-judgment motion. Relying upon his discharge in bankruptcy, Guarino-Sanders filed a motion to dismiss the claims against him, which the district court granted. Vaughn filed timely notices of appeal from the district court's orders, and this court consolidated her appeals.

We review de novo the district court's decision to grant summary judgment. *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 676 (6th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court noted that The Bar Plan's professional-liability insurance policy contained two relevant exclusions:

THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY CLAIM BASED UPON OR ARISING OUT OF:

. . . .

B.      An Insured's capacity as:

. . . .

       3.      An *investment advisor*, securities broker or dealer, insurance agent or broker, real estate agent or broker or accountant; and

       4.      A legal representative of investors in regard to and resulting in investment in an enterprise in which an Insured owns an *equity interest* or for which the Insured receives a fee or commission from an Entity other than the investor.

(Policy at 8) (emphasis added). According to the district court, the application of the investment-advice exclusion to the facts was unclear because Vaughn's alleged injuries arguably arose from legal, rather than investment, advice. The district court held, however, that the equity-interest exclusion barred coverage because Guarino-Sanders owned an equity interest in the real-estate venture.

We agree. It is undisputed that Guarino-Sanders, while representing Vaughn and other investors with respect to the real-estate venture, also owned equity interests in the limited-liability companies. The policy's equity-interest exclusion clearly precludes coverage over Vaughn's malpractice claims against Guarino-Sanders arising out of the real-estate venture.

On appeal, Vaughn generally contends that genuine issues of material fact preclude summary judgment, but fails to identify any specific factual issues relating to application of the equity-interest

exclusion. Vaughn also argues that the district court failed to construe the policy's exclusionary provisions strictly against The Bar Plan, *see generally Eyler v. Nationwide Mut. Fire Ins. Co.*, 824 S.W.2d 855, 859-60 (Ky. 1992), but Vaughn fails to point out any ambiguity in the language of the equity-interest exclusion. Vaughn attempts to make a distinction between legal and investment advice provided by Guarino-Sanders, but the equity-interest exclusion makes no distinction with respect to the type of advice provided, if it relates to a property in which the insured has an equity interest.

Vaughn concedes that a finding of no insurance coverage required dismissal of her claims against Guarino-Sanders as a result of his discharge in bankruptcy.

For the foregoing reasons, we affirm the district court's orders granting summary judgment in favor of The Bar Plan and dismissing Vaughn's claims against Guarino-Sanders.